M’Girk, C. J.,
delivered the opinion of the Court.
This was an action of ejectment, brought by Gaw, to recover the possession of a fiad of land ; on the plea of not guilty, the parties went to trial. The plaintiilj to. support his action, showed, that in April, 1816, one Daniel Stringer sold a tract of land of 640 acres, in the county of New Madrid; that in October following, the Recorder of land titles issued a certificate to.Stringer, to locate the like quantity elsewhere, in consequence that the land in New Madrid had been injured by earthquakes. Tanner sold this certificate, by deed, to Taylor Berry, who sold the same io Richard Gentry, who located the same on the land in question, and who then sold the land to the plaintiff.
The whole of this string of title was objected to, but admitted by the Court in evidence ; and the plaintiff having dosed his evidence, the defendant’s counsel called on the Court to instruct the jury, that this evidence was incompetent in law, to maintain the action of ejectment; which the Court refused, hut instructed the jury, that the same was sufficient to maintain the action ; on which a verdict and judgment were lendered against Hickman and others, to reverse which, the cause is brought here. The first and only point we will notice, is the title of Tanner to the certificate. It is objected to this conveyance of title, that when the certificate issued to Stringer, the legal right to the land in New Madrid was in Tanner, and that because the certificate issued to Stringer, or his legal representatives, the legal right to the certificate, to locate the same, wg¡s in Stringer. Of this opinion is the Court. Tanner was not the *355 legal representative of Stringer, with respect to the certificate. He is not even theassignee of the certificate, though he was the purchaser of the laud, on which the certificate issued. The certificate grew out of land, of which he was the owner; he is, therefore, entitled, in equity, to have- the certificate transferred to him; then he could make a legal conveyance of the same. This title is defective, in the first step,. The evidence was not competent to maintain the action.
The judgment of the Circuit Court is reversed, with costs.